UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cr-80080-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,
v.

CORRY PEARSON,

    Defendant.
_____/

## ORDER ON MOTION FOR SENTENCE REDUCTION/NOTICE FOR IMMEDIATE CONSIDERATION AND EMERGENCY HEARING

**THIS CAUSE** is before the Court upon *pro se* Defendant Corry Pearson's ("Defendant") Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. [306] ("Motion"). The Government filed its Response, ECF No. [307] ("Response"), to which Defendant replied, ECF No. [310] ("Reply"). The Court has carefully reviewed the Motion, all opposing and supporting submissions, the record in this case and the applicable law, and is otherwise fully advised. For the reasons discussed below, Defendant's Motion is denied.

**I.    BACKGROUND**

On May 9, 2017, Defendant was indicted by a grand jury with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349 (Count 1); wire fraud, in violation of 18 U.S.C. § 1343 (Counts 2-22); aggravated identity theft, in violation of 18 U.S.C. § 1028A (Counts 23-33); money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (Counts 34-35); and money laundering, in violation of 18 U.S.C. § 1957 (Counts 36-38). ECF No. [1]. At trial, the Court entered a judgment of acquittal on Counts 9, 19, 22, 26, 30 and 31 pursuant to Rule 29 of the Federal Rules of Criminal Procedure. ECF No. [211] at 11-12. A jury found Defendant not guilty on Counts 4 and 20, and

guilty on all the remaining Counts. ECF No. [146]. On April 25, 2018, Defendant was sentenced to a term of imprisonment of 124 months, followed by a three-year term of supervised release. ECF Nos. [260], [270]. The United States Court of Appeals for the Eleventh Circuit affirmed the judgment of conviction and the sentence on appeal. ECF No. [295]. Currently, Defendant is housed at FCI Estill in Estill, South Carolina, and he is scheduled to be released from custody in July 2026.

In the Motion, Defendant seeks immediate release based on extraordinary and compelling reasons pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that the Court erroneously held him accountable for losses outside his individual conduct, and that if he were sentenced today, he would likely receive a much lower sentence. The Government opposes Defendant's request.

## II. LEGAL STANDARD

"Generally, a court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Pubien*, 805 F. App'x 727, 729 (11th Cir. 2020) (quoting 18 U.S.C. § 3582(c)).

> "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." [*United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010)]. Section 3582(c) of Title 18 provides that the district court may not modify a defendant's imprisonment sentence except: (1) if the Bureau of Prisons files a motion and extraordinary or compelling circumstances warrant modification or if the defendant is at least 70 years old and has served 30 years in prison; (2) if the modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the defendant's original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. 18 U.S.C. § 3582(c).

*United States v. Shaw*, 711 F. App'x 552, 554-55 (11th Cir. 2017); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009); *United States v. Diaz-Clark*, 292 F.3d 1310, 1316-18 (11th Cir. 2002). Thus, "[t]he law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Rivas*, 800 F. App'x 742, 745 (11th Cir. 2020) (quoting *United States v. Puentes*, 803 F.3d 597,

605-06 (11th Cir. 2015)); *see also United States v. Llewlyn*, 879 F.3d 1291, 1296-97 (11th Cir. 2018) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

> Defendant seeks release, pursuant to § 3582(c)(1)(A), which states:
>
> (c) Modification of an imposed term of imprisonment.— The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—
>     (i) extraordinary and compelling reasons warrant such a reduction . . . .
>     . . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

Moreover, § 3582 delineates how this Court should analyze whether a defendant is entitled to a sentence modification.

> *First*, when the defendant brings the motion himself, the Court must ascertain whether he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [whether there has been a] lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(a). *Second*, the Court should "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." *Id. Third*, the Court should turn to the "extraordinary and compelling reasons" test . . . . And *fourth*, the Court should determine whether the defendant poses a "danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.*

*United States v. Stuyvesant*, 454 F. Supp. 3d 1236, 1238 (S.D. Fla. 2020).

Thus, in order to grant Defendant's request pursuant to § 3582(c)(1)(A), the Court must: (1) find that Defendant has exhausted his administrative remedies with the BOP; (2) weigh the relevant § 3553(a) factors; (3) conclude that extraordinary and compelling reasons warrant

3

Case 9:17-cr-80080-BB Document 311 Entered on FLSD Docket 04/30/2021 Page 4 of 9

Case No. 17-cr-80080-BLOOM

compassionate release in this case; and (4) determine that Defendant is not a danger to the community. Moreover, Defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that" compassionate release is warranted, but that, even where a defendant satisfies this burden, "the district court still retains discretion to determine whether a sentence reduction is warranted").

With these standards in mind, the Court considers the Motion.

### III. DISCUSSION

Defendant's Motion requests a sentence reduction arguing that the Court's wrongly attributing to him losses outside of his individual conduct and failure to make particularized findings regarding the scope of his agreement constitute "extraordinary and compelling" reasons warranting a sentence reduction in this case. The Government opposes Defendant's Motion, arguing that Defendant has failed to exhaust his administrative remedies, but even if the Court is to reach the merits of the Motion, Defendant's challenge is a collateral attack on his sentence that is not cognizable under § 3582. Moreover, Defendant has procedurally defaulted his collateral attacks on his sentence, his claim of sentencing error is meritless, and that the § 3553(a) factors weigh against his release.

#### A. Exhaustion of administrative remedies

The parties dispute whether Defendant has in fact exhausted his administrative remedies. Defendant attaches to his Motion an Inmate Request to Staff addressed to the Warden of Estill FCI, dated November 1, 2020 in which he states that he is "writing to request Compassionate Release." *See* ECF No. [306] at 51. Defendant represents that he had not received a response to his request by the time he filed his Motion on February 12, 2021. The Government attaches to its

Response the same request, with a handwritten notation "Rec 2/22/2021," and a response dated February 25, 2021, arguing that although Defendant's request was dated November 1, 2020, it was not sent until after filing of the Motion. *See* ECF No. [307-1]. Here, even assuming that Defendant has properly exhausted his administrative remedies, the Court nevertheless concludes that Defendant's Motion must be denied in light of the absence of extraordinary and compelling circumstances for the reasons that follow.

### B. Extraordinary and compelling circumstances

At the outset, the Court notes that the parties disagree as to whether the existing policy statement in the United States Sentencing Guidelines Manual applies following the First Step Act, with Defendant arguing that the Court may go beyond § 1B1.13 to determine whether extraordinary and compelling reasons exist, and the Government contending that the Court should not.

As has been recognized by various courts, the Sentencing Commission ("Commission") has not implemented a new policy statement following the First Step Act. *See United States v. Brown*, 411 F. Supp. 3d 446, 449 n.1 (S.D. Iowa 2019) (collecting cases). Rather, the existing policy statement still assumes compassionate release "may be granted only upon motion by the Director of the Bureau of Prisons." U.S. Sent'g Guidelines Manual § 1B1.13 cmt. n.4 (U.S. Sent'g Comm'n 2018).

> This leaves district courts in a conundrum. On the one hand, Congress unequivocally said it wishes to "[i]ncreas[e] the [u]se . . . of [c]ompassionate [r]elease" by allowing district courts to grant petitions "consistent with *applicable* policy statements" from the Sentencing Commission. § 3582(c)(1)(A) (emphasis added). On the other hand, the Commission—unable to take any official action— has not made the policy statement for the old regime applicable to the new one.

*Id.* at 449.

While the Eleventh Circuit has yet to address the issue,[1] four other circuits have recognized that the Commission lacks an applicable policy statement for when a district court can grant compassionate release, and have accordingly held that § 1B1.13 does not apply to cases where a defendant files a motion for compassionate release, rather than the BOP. *See United States v. Brooker*, 976 F.3d 228, 234-36 (2d Cir. 2020) ("[T]hough motions by the BOP still remain under the First Step Act, they are no longer exclusive, and we read the Guideline as surviving, but now applying only to those motions that the BOP has made."); *United States v. McCoy*, 981 F.3d 271, 281-82 (4th Cir. 2020) ("By its plain terms, in short, § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)."); *United States v. Jones*, 980 F.3d 1098, 1108-09 (6th Cir. 2020) ("[T]he passage of the First Step Act rendered § 1B1.13 'inapplicable' to cases where an imprisoned person files a motion for compassionate release."); *United States v. Gunn*, 980 F.3d 1178, 1180-81 (7th Cir. 2020) ("[T]he Guidelines Manual lacks an 'applicable' policy statement covering prisoner-initiated applications for compassionate release. District judges must operate under the statutory criteria—'extraordinary and compelling reasons'—subject to deferential appellate review.").

> Courts across the country . . . still rely on § 1B.1.13 for guidance as to the "extraordinary and compelling reasons" that may warrant a sentence reduction. *See* [*United States v. Drummond*, No. 1:97-cr-0019 (N.D. Ga. Sept. 27, 2019)] (viewing § 1B.1.13 as "non-binding guidance"); *see also United States v. Solis*, No. 16-015-CG-MU, 2019 WL 2518452, at *2-3 (S.D. Ala. June 18, 2019); *United States v. Heromin*, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019). However, the Court is not *limited* to the technical requirements set forth in § 1B1.13 in assessing whether a defendant's application for compassionate release

---

[1] *See United States v. Abreu*, No. 20-12208, 2020 WL 7774951, at *1 n.1 (11th Cir. Dec. 30, 2020) (noting that the Eleventh Circuit has "not issued a published opinion addressing several key issues about the First Step Act's recent amendments to § 3582(c)(1)(A)—like, for example, the standard of review, any procedural and jurisdictional requirements, or the definition of 'extraordinary and compelling circumstances'—although several cases have been classified for oral argument to resolve these questions."). *See e.g., United States v.* Cook, No. 20-13293, *United States v. Bryant*, No. 19-14267; *United States v. McKreith*, No. 20-10450, *United States v. Friedlander*, No. 19-13347, and *United States v. Kinsey*, No. 20-11208.

provides "extraordinary and compelling reasons" for a sentence reduction under § 3582(c)(1)(A)(i). *See, e.g.*, [*United States v. Ullings*, No. 1:10-cr-00406, 2020 WL 2394096, at *2 (N.D. Ga. May 12, 2020)] (citing *United States v. Perez*, 451 F. Supp. 3d 288, 294 (S.D.N.Y. 2020)); *United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019) ("While the old policy statement provides helpful guidance, it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)(i)."); [*United States v. Beard*, No. 1:16-CR-285-SCJ (N.D. Ga. June 25, 2020); *United States v. Kowalewski*, No. 2:13-CR-00045-RWS (N.D. Ga. Apr. 30, 2020); *United States v. Hill*, No. 1:05-CR-0081-LMM (N.D. Ga. June 10, 2020); *United States v. Noble*, No. 1:09-CR-315-MHC (N.D. Ga. Nov. 24, 2020)].

*United States v. Poulnott*, --- F. Supp. 3d ----, 2020 WL 7974295, at *3 (N.D. Ga. Dec. 30, 2020).

Upon review, the Court agrees with the reasoning of the Circuit Courts across the country concluding that courts are not bound by § 1B1.13, and notes that this reasoning seemingly complements the Eleventh Circuit's recent observation that the policy statement in § 1B1.13 "'notably' has not been updated since the passage of the First Step Act and refers only to motions filed by the Director of the Bureau of Prisons." *United States v. Hewlett*, No. 5:93-CR-00137-SLB-SGC-2, 2020 WL 7343951, at *4 (N.D. Ala. Dec. 14, 2020) (quoting *United States v. Gist*, No. 20-13481, 2020 WL 7227282, at *1 (11th Cir. Dec. 8, 2020)).

Here, in arguing that extraordinary and compelling reasons exist, Defendant relies upon the catch-all provision in the Application Notes to § 1B1.13.

The Notes provide, in pertinent part, that

extraordinary and compelling reasons exist under any of the circumstances set forth below:

A. **Medical Condition of the Defendant.**—
   [. . .]
B. **Age of the Defendant.**—
   [. . .]
(C) **Family Circumstances.**—
   [. . .]
(D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, cmt. n.1. Defendant contends that the catch-all provision supports a finding of extraordinary and compelling reasons in this case based on the sentencing errors he identifies. The Court disagrees. Even though the Court concludes that it is not constrained by § 1B1.13, the policy statement nevertheless provides useful guidance for addressing motions for compassionate release. Significantly, the Notes specifically refer to personal characteristics of defendants, such as a medical condition, and age- or family-related concerns as circumstances that warrant a finding of extraordinary and compelling reasons. However, Defendant's proffered justification for a sentence reduction in this case lies far afield from any such considerations. Indeed, Defendant essentially argues that the Court committed legal errors in his sentencing, but Defendant provides no authority, nor has the Court found any, to support relief pursuant to § 3582, or a finding of extraordinary and compelling reasons, upon such a basis.

In fact, several courts have determined that, despite a court's discretion in determining what constitutes extraordinary and compelling reasons, a court should not exercise such discretion in an unfettered fashion. *See United States v. Lisi*, 440 F. Supp. 3d 246, 251 (S.D.N.Y. 2020) ("Although the Court has the discretion to determine what qualifies as an extraordinary and compelling reason, the Court believes that is would be both improper and inconsistent with the First Step Act to allow Lisi to use 18 U.S.C. § 3582(c)(1)(A) as a vehicle for claiming legal wrongs, instead of following the normal methods of a direct appeal or a habeas petition."); *United States v. Rivernider*, No. 3:10-cr-222(RNC0, 2020 WL 597393, at *4 (D. Conn. Feb. 7, 2020) ("[N]obody has suggested that the 'extraordinary and compelling' standard can be satisfied by claims of legal error or other alleged wrongs that are cognizable on direct appeal from a conviction or by means of a habeas corpus petition."); *United States v. Fox*, No. 2:14-cr-03-DBH, 2019 WL 3046086, at *3 (D. Maine July 11, 2019) (finding that although the courts have discretion to identify other

Case No. 17-cr-80080-BLOOM

extraordinary and compelling reasons, "those other extraordinary and compelling reasons should be comparable or analogous to what the Commission has already articulated as criteria for compassionate release."). This Court agrees and finds that Defendant fails to demonstrate that extraordinary and compelling reasons exist here, where the basis for his request is not related even remotely to the relevant personal considerations set forth in § 1B1.13.

### C. Remaining factors

Because Defendant's Motion fails to establish any extraordinary and compelling circumstances warranting his release, the Court does not address the § 3553(a) factors, whether Defendant poses a danger to the safety of others or to the community under to § 3142(g), or the parties' remaining arguments.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [306]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 30, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Corry E Pearson, *pro se*
16072-104
Estill Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 699
Estill, SC 29918